IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BERNARD DONJOIE,** | : | CIVIL NO. 1:CV-12-0599 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| | : | |
| **B. A. BLEDSOE,** | : | |
| Respondent | | |

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) filed by Bernard Donjoie ("Donjoie"), a federal inmate incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania. Along with the petition, he submits a motion seeking leave to proceed in forma pauperis in this matter. (Doc. No. 2.) Donjoie is challenging his 2005 conviction and sentence in the United States District Court for the Southern District of Florida on grounds including: (1) the inapplicability of the Hobbs Act, 18 U.S.C. § 1951; (2) the lack of evidence of a conspiracy; and (3) the failure of the trial court to apply 19 U.S.C. §3553(a) at the time of sentencing. For the reasons set forth below, the motion to proceed in forma pauperis will be granted for the sole purpose of filing the instant petition, and the petition will be dismissed for lack of jurisdiction.

**I.   Background**

Donjoie states that on August 18, 2005, he was sentenced to a 420 month concurrent federal sentence following a jury trial by the United States District Court for the Southern District of Florida for the offenses of Interference with Commerce by Threat/Violence in violation of 18 U.S.C. § 1951, Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. § 846 and other related charges.

A notice of appeal was filed on September 7, 2005.  (See electronic docket, United States v. Orisnord, et al., United States Court of Appeals for the Eleventh Circuit docket number 05-60022, Doc. 254, obtained via http://www.pacer.gov.)  On April 7, 2007, Donjoie states that the United States Court of Appeals for the Eleventh Circuit affirmed his conviction and sentence.  It does not appear that any further review was sought.

Donjoie states that in early 2008, he mailed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 to the United States District Court for the Southern District of Florida.  He contends that the Southern District of Florida Court claims the petition was never received and, as such, never filed.  (Doc. No. 1, Pet. at 4.)  He further states that he never filed a motion in the United States Court of Appeals for the Eleventh Circuit under 28 U.S.C. § 2244(b)(3)(A) seeking permission to file a second or successive Section 2255 motion to challenge his conviction or sentence.  (Id.)  He filed the instant habeas petition pursuant to 28 U.S.C. § 2241 on April 2, 2012, seeking to challenge his federal conviction and sentence.

**II.    Discussion**

This matter is before the Court for screening.  28 U.S.C. § 2243.  The petition has been give preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977)(applicable to § 2241 petition under Rule 1(b)).  See Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 may be applied at the discretion of the district court as it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.  Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Challenges to the legality of federal convictions or sentences that are allegedly in

violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255.  Okereke v. United States, 307 F.3d 117 (3d Cir. 2002)(citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought via section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law."  28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective.  See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52.  Importantly, § 2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief.  See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this Court.  Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.  If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction.  Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In the instant case, Donjoie attempts to raise claims in the pending § 2241 petition that clearly fall within the purview of § 2255.  As noted above, he may not raise his present claims in a § 2241 petition without establishing that the remedy by motion under § 2255 would be inadequate or ineffective.  See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52.  Clearly, he is unable to establish inadequacy or ineffectiveness as he admits while he attempted to file a

motion to vacate pursuant to § 2255 in the United States District Court for the Southern District of Florida in early 2008, he concedes no such motion was ever filed or addressed. (Doc. No. 1 at 4.) He is unable to establish inadequacy or ineffectiveness as he has not raised his issues in the collateral remedy process. However, even if he had raised them, his lack of success in that forum would not entitle him to proceed pursuant to § 2241. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, the Court will dismiss this § 2241 petition for lack of jurisdiction. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BERNARD DONJOIE,** | : | **CIVIL NO. 1:CV-12-0599** |
| Petitioner, | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| | : | |
| **B. A. BLEDSOE,** | : | |
| Respondent | | |

### ORDER

**NOW, THIS 13th DAY OF APRIL, 2012,** upon consideration of the petition for writ of habeas corpus (Doc. No. 1), and for the reasons set forth in the accompanying Memorandum, it is hereby **ORDERED** that:

1. The motion to proceed in forma pauperis (Doc. No. 2) is **granted** for the sole purpose of filing this action.

2. The petition for writ of habeas corpus (Doc. No. 1) is **dismissed** for lack of jurisdiction.

3. The Clerk of Court is directed to **close this case**.


        S/ Yvette Kane
        YVETTE KANE, Chief Judge
        Middle District of Pennsylvania